# REPLY EX. 3

Excerpt from Plaintiff's Discovery Responses in EEOC Administrative Proceedings

**UNITED STATES OF AMERICA**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON FIELD OFFICE**

| | | |
|---|---|---|
| **MILTON JACKSON,**<br>**Complainant,** | ) | **EEOC No. 570-2017-00871X**<br>**Agency No. 16-11-050316** |
| **v.** | ) | |
| | ) | **AJ: Marcia Woodham** |
| **DAVID SKORTON, Secretary**<br>**Smithsonian Institute,** | ) | |
| | ) | **Date: November 7, 2018** |
| **Agency.** | ) | |

**COMPLAINANT'S RESPONSES TO AGENCY'S FIRST SET OF WRITTEN DISCOVERY REQUESTS**

## I. GENERAL OBJECTIONS

1. **OBJECTION.** The discovery requests are overly broad and beyond the scope of Complainant's complaint and well beyond the time of his employment from 3/23/2015 to 10/26/2015 and events thereafter. The basis for this objection is that the discovery requests are so broad that many will not lead to admissible evidence, thus, Complainant's responses cover 2015 and 2016.
2. **OBJECTION.** The discovery requests may include the wording and/or input of Complainant's counsel, with or without the knowledge of Complainant.

## II. INTERROGATORIES

*1. Describe in detail the damages you seek in this case, including:*

*(a) each and every reason, fact, or occurrence upon which you rely or base your claim for such damages, including the nature, extent, and duration of any loss;*
*(b) the date and circumstances of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses and other non-pecuniary losses, or any other basis for your claim for damages; and*
*(c) any other remedy you are seeking in this case.*

**RESPONSE:**

I am seeking $125,000 in compensatory damages, plus any and all attorney's fees for my representation. As is evident in my affidavit, as well as in the affidavits of Bonnie Berry, Edward Burke, Frank Esposito, Marie Graves (my former manager, who admitted in her affidavit that I told her that I was being harassed), Sarah Holmes, LaNisa Kitchner, Dana Moffett and Colleen Morith, I was severely and pervasively harassed, marginalized, isolated, wrongfully terminated from my Trust Indefinite position and retaliated/discriminated against in a hostile work environment due to my race, sex and prior EEO efforts, specifically:

- On 10/26/15, I was wrongfully terminated by Ms. Graves and Mr. Holmes with the rationale being poor performance during my probationary period. When I asked specifically why I was being terminated, Ms. Graves responded that I was being terminated due to not reaching my fundraising goal of $1.5 million dollars and nothing else. Interestingly, I was the only fundraiser in our unit to secure a new board member (Anne Howard-Tristani, **see MJR1**); to connect the Museum with a billionaire (Trammell Crow, **see MJR2**); and to secure a $40K gift-in-kind commitment from a donor (Dr. Barbara Harland, **see MJR3)** among other accomplishments during my seven-month tenure. However, given the hostile environment, which included consistent harassment and discrimination based on race, sex and reprisal/retaliation actions by senior management – specifically executed by Ms. Graves, Mr. Holmes and Dr. Cole (whose comments and actions clearly support an inference of discriminatory harassment) – it was impossible for me to reach my fundraising goal. In contrast to my circumstances, a current Museum fundraiser, Mrs. Catie Anchin (white, female), informed me in 2015 that she was not going to meet her performance goal and that she had been threatened with termination by Ms. Graves. It is my understanding that she did not meet her 2015 goal and, in fact, she was not terminated as her performance plan was modified by Ms. Graves. It is important to note here that Ms. Anchin and Ms. Colleen Morith (also white, female) were similarly-situated employees (same supervisors, similar positions, goals, standards and conduct) as compared with me, yet both were treated far more favorably than me. Also, another Museum Education employee, Allie Hartley (white, female, Grade 5) had multiple, significant issues during her probationary period - including a 2016 temper tantrum in a public hallway witnessed by multiple staff (some part of our respective probationary periods, in fact, overlapped) - leading her manager, LaNisa Kitchner, to recommend termination of Ms. Hartley to management and human resources multiple times. Museum management, however, interceded on behalf of Ms. Hartley, which among other actions, led Mrs. Kitchner to file an EEO claim.

- On or around 3/26/2015, I attended my first Museum advancement meeting. Catie Anchin (corporate/foundations officer) and Sarah Holmes (advancement assistant) also attended. Ms. Graves supervised the meeting. At one point, I inquired to Ms. Graves, if/when our board members were strategically approached for their contacts and financial support, and if so, what level of financial support they were providing – both of which are common fundraising questions. Immediately, she became visibly upset and left the room.